UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL A. AND SUZANNE L. MCIVER, | § § § § § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 3:08-CV-00603-B |
| UNITED STATES OF AMERICA, | § § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is the United States' Motion for Summary Judgment. (Doc. 13). For the reasons discussed below, the Motion is **GRANTED**.

### I.

### BACKGROUND

On September 17, 2003, the Internal Revenue Service ("IRS") filed tax liens on the real property and personal property of taxpayers Michael A. McIver and Suzanne L. McIver ("McIvers") for tax years 1997, 1998, and 2000. (Compl. ¶¶ 5, 6). The McIvers filed this action against the United States of America on April 8, 2008. In their Original Complaint, the McIvers assert claims under 26 U.S.C. § 7432 for tax years 1997, 1998, and 2000 for "failure to release tax liens erroneously and illegally placed on Plaintiffs' property" and claims under 26 U.S.C. § 7433 for unauthorized collection actions for tax years 1997, 1998, 1999, and 2000. (*Id.* at ¶¶ 4–31, 42–66).

As to the claims under 26 U.S.C. § 7432 for "failure to release tax liens erroneously and illegally placed on Plaintiffs' property" for tax years 1997, 1998, and 2000, the McIvers argue the IRS

"illegally refuses" to release the September 17, 2003 tax liens. (*Id.* at ¶¶ 15, 22, 31). On June 26, 2007, the McIvers filed administrative claims with the Internal Revenue Service ("IRS") for an Application for Release of Erroneously Filed Tax Liens pursuant to both 26 U.S.C. § 6325 and § 7432, and their accompanying regulations. (*Id.* at ¶¶ 7, 8, 15, 22, 31).

For the tax year 1997, the McIvers allege the tax liens are based on an illegal assessment which was made after the § 6501 three-year statute of limitations for assessing additional tax had expired. (*Id.* at ¶¶ 9–11). For the tax year 1998, the McIvers argue there are no taxes owed, referring to a Tax Court Decision dated May 22, 2003. (*Id.* at ¶¶ 16–18). For the tax year 1999, the McIvers argue there are no taxes or penalties owed based on a Tax Court Decision dated November 4, 2005. (*Id.* at ¶¶ 23–26). For the tax year 2000, the McIvers simply assert there are no taxes due and refer to the Form 1040 transcript for that tax year. (*Id.* at ¶ 27). The McIvers allege that on June 26, 2007, pursuant to 26 U.S.C. § 6325 and § 7432, they filed a request for release of lien on tax years 1997, 1998, and 2000, but the IRS has refused to release the liens. (*Id.* at ¶¶ 13–15, 20–22, 29–31). The McIvers allege they have suffered economic damages based on the IRS's refusal to release the tax liens. (*Id.* at ¶¶ 32–41).

As to the claims under 26 U.S.C. § 7433 for unauthorized collection actions for tax years 1997, 1998, 1999, and 2000, the McIvers argue the IRS has pursued unauthorized collection against them, causing them damages. (*Id.* at ¶ 43). On July 3, 2007, the McIvers filed an Administrative Claim for Relief from Unauthorized Collection pursuant to 26 U.S.C. § 7433 and Treas. Reg. § 301.7432-1(f). (*Id.* at ¶¶ 46, 50, 57, 65). The McIvers allege the September 13, 2003 tax liens filed for the 1997, 1998, and 2000 tax years are an unauthorized collection action for the same reasons asserted under their § 7432 claim (*Id.* at ¶¶ 47–49, 53–55, 63). For the 1999 tax year, the McIvers

repeat the assertion that there are no taxes or penalties owed based on the Tax Court Decision dated November 4, 2005. (*Id.* at ¶¶ 59–62).

The McIvers allege violations of § 7433 in addition to the tax liens themselves. First, the McIvers claim that the February 6, 2006 transcript of the 1999 tax year shows that the IRS has "failed to abate the prior assessment, penalties, and interest" and "is ignoring the Tax Court's Decision by not properly stating the taxpayers' liability." (*Id.* at ¶ 61). Second, the McIvers argue a "1999 payment" was moved " to the illegally assessed 1997 tax year." (*Id.* at ¶ 62). Third, the McIvers allege that they have been "economically damaged by the erroneously filed liens" and the "improper allocation" of an overpayment for the December 31, 2004 tax year to the 1997 tax year. (*Id.* at ¶¶ 67–74). Fourth, the McIvers allege that in a January 16, 2008 letter "the IRS has threatened to collect by levy on assessments that were either determined by the United States Tax Court not to be owed or erroneously assessed." (*Id.* at ¶ 75).

The Government has moved for summary judgment on the McIver's claims. (doc. 13). In its statement of material facts, the Government contends that as of the time of filing the Motion, the McIvers still had an outstanding balance due on the 1997 tax year. (*Id.* at 2.) The Government argues that the assessment of the 1997 tax year was not made after the statute of limitations had run because the McIvers signed a Form 872, Consent to Extend Time to Assess Tax on December 1, 2000 and again on May 25, 2001, extending the time for assessment to June 30, 2002. (*Id.* at 2–3.) Furthermore, for the 1997 tax year, the McIvers signed a Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment on May 25, 2001. (*Id.* at 3.) By signing this form, the Government contends that the "McIvers agreed to the immediate assessment and collection of deficiencies for the 1997 tax year and agreed not to contest

the deficiency in U.S. Tax Court." (*Id.*)

For the 1998 tax year, the Government contends that the McIvers "still have an interest balance due of $1,470.42 through November 30, 2008." (*Id.*) For the 1999 tax year, the Government agrees that no taxes are owed. (*Id.*) With regard to the 1999 tax year, in accordance with the Tax Court determination, the IRS abated the prior tax assessment of $122,554, interest in the amount of $34,604.81, and penalties in the amount of $50,430. (*Id.*) The Federal Tax Lien for the 1999 tax year was released on April 18, 2008, and the overpayment of $20,422 for the 1999 tax year was credited to the 1997 tax year. (*Id.*) For the 2000 tax year, there are no taxes currently owed, but at the time the lien was filed on September 17, 2003, the McIvers had an outstanding balance of $12,541.94, as reflected on the lien. (*Id.* at 3–4.) In summary, the Government contends that the McIvers are unable to recover on their § 7432 and § 7433 because the claims fail as a matter of law. (*Id.* at 4.) The McIvers have not responded to the Motion for Summary Judgment.

## II.

## LEGAL STANDARD

**A.**   **Summary Judgment Legal Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden is on the summary judgment movant to prove that no genuine issue of material

fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgement is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

When the non-movant who has the burden at trial does not respond to the motion for summary judgment, then he has not designated specific facts showing there is a genuine issue for trial and is, therefore, relegated to his unsworn pleadings, which are not summary judgment evidence. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996)(citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The non-movant's failure to respond does not permit the Court to enter a "default" summary judgment, but the Court is allowed to accept the evidence presented by the movant as undisputed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (holding a party opposing

summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim); *Denmark v. Cole*, 2005 WL 3293988, at *3 (N.D. Tex. Nov. 30, 2005) ("Because of plaintiff's failure to respond, defendants' evidence is accepted as undisputed and summary judgment may issue to defendants upon a prima facie showing of entitlement.")

**B.     Section 7432 Claim for Failure to Release a Tax Lien**

Section 7432 provides that if any employee of the IRS knowingly, or by reason of negligence, fails to release a lien under section 6325 on property of the taxpayer, a taxpayer may bring a civil action for damages against the United States. 26 U.S.C. § 7432; *Information Resources, Inc. v. United States*, 996 F.2d 780, 782 (5th Cir. 1993). Section 6325(a)(1) provides that a tax lien should only be released not later than 30 days after the IRS finds that the underlying tax liability, together with interest, has been satisfied or becomes legally unenforceable. 26 U.S.C. § 6325; *Information Resources, Inc.*, 996 F.2d at 782.

**C.     Section 7433 Claim for Unauthorized Collection Activity**

"Title 26 U.S.C. § 7433 was enacted to allow a taxpayer to sue the United States if the IRS intentionally or recklessly disregards a statute or regulation in connection with collection of federal taxes." *Shaw v. United States*, 20 F.3d 182, 183 (5th Cir. 1994) (citing *Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992)). Section 7433 provides for a "civil action for damages resulting from a wrongful *collection* of federal taxes, not from the wrongful assessment of taxes." *Wise v. Comm'r of Internal Revenue*, 168 F.Supp.2d 649, 653 (S.D. Tex. 2001). It is well-settled that an alleged improper assessment of tax does not give rise to a cause of action under section 7433. *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 636 (5th Cir. 2003) (citing *Shaw*, 20 F.3d at 184). Thus, claims under

section 7433 which pertain to assessments of tax, rather than collection of tax, can be dismissed for failure to state a claim. *Id.*; *Wise*, 168 F. Supp. 2d at 653. Furthermore, failure to release a tax lien does not constitute an unauthorized collection action under section 7433. *Gandy Nursery, Inc.*, 318 F.3d at 638. However, "the *filing* of liens can constitute an unauthorized collection activity." *Id.*

Section 7433 contains a waiver of the federal government's sovereign immunity, with the limitation in 7433(d)(3) that "an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3); *Gandy Nursery, Inc.*, 318 F.3d at 637. "A right of action for wrongful collection practices under § 7433 accrues when the plaintiff has a reasonable opportunity to discover the elements of her claim under § 7433." *Wise*, 168 F. Supp. 2d at 653; 26 C.F.R. § 301.7433-1(g)(2). Under well-established law, "if a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to file his action within that period deprives the court of jurisdiction." *Gandy Nursery, Inc.*, 318 F.3d at 637 (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990)). When the statue of limitations defense is based on the federal government's sovereign immunity, it is not a waivable defense. *Id.* Rather, the failure of a plaintiff to bring the action within such a limitations period deprives the federal courts of jurisdiction. *Id.*

D.  **Exhaustion of Administrative Remedies**

Both § 7432 and § 7433 require a taxpayer to exhaust its administrative remedies prior to bringing a claim under these sections. 26 U.S.C. §§ 7432(d)(1), 7433(d)(1). The available administrative remedies under these sections are found in the Treasury Regulations at sections 301.7432-1 and 301.7433-1. Under these regulations, the taxpayer must submit an administrative claim to the Internal Revenue Service in the form set forth by the regulation, stating the grounds of

the claim and relief sought. Treas. Reg. §§ 301.7432-1, 301.7433-1. When a taxpayer has not exhausted the administrative remedies available in these regulations, the § 7432 and § 7433 claims must be dismissed. *Gandy Nursery, Inc. v. United States*, 2005 WL 1324706, at *8 (E.D. Tex. March 31, 2005).

E.   **Attorneys' Fees under 26 U.S.C. § 7430**

The McIvers make a claim for attorneys' fees and costs under 26 U.S.C. § 7430. To receive attorneys' fees and costs, a taxpayer must first prove it was the prevailing part in a court proceeding. 26 U.S.C. § 7430(a). If the taxpayer is not the prevailing party, the claim for fees is denied. *Don Johnson Motors, Inc. v. United States*, 2008 WL 2200263, at *2 (S.D. Tex. March 14, 2008).

### III.

### ANALYSIS

As the Plaintiffs in this action, the McIvers have the burden of proof at trial on the claims they assert. However, because the McIvers have not responded to the Government's Motion for Summary Judgment on their claims, this Court accepts the Government's evidentiary assertions as true. *See Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992). The Court now addresses the merits of Government's Motion for Summary Judgment.

A.   **Section 7432 Claim**

In its Motion, the Government contends that the September 17, 2003 tax liens are not subject to release because balances are still owed on some tax years included on the lien and the IRS is not required to release a lien if only one of the periods on the lien has been satisfied. *See* Treas. Reg. § 301.6325-1(a)(6). Because the IRS has determined that at least some of the underlying tax liability has not been satisfied, it is not obligated to release the lien. *See* 26 U.S.C. § 6325;

*Information Resources, Inc.*, 996 F.2d at 782. There is still an outstanding tax liability for the tax year 1997. Although the McIvers claim this year was assessed in violation of the statute of limitations in 26 U.S.C. § 6501, the Government has proffered undisputed summary judgment evidence indicating the McIvers consented to extend the time to assess tax on two occasions and even signed a waiver of restrictions on assessment and collection of the deficiency for the 1997 tax year.[1] *See* 26 U.S.C. § 6501. Furthermore, a claim under § 7432 cannot be based on an alleged improper assessment of tax. *Gandy Nursery, Inc.*, 318 F.3d at 636; *Wise*, 168 F. Supp. 2d at 653. Therefore, the Government's evidence indicates the 1997 tax year liability has not been satisfied. In addition, the McIvers still owe an interest balance on the 1998 tax year. Because the tax lien must be released only when the underlying tax liability, *together with interest*, has been paid, the McIvers are not entitled to release of the lien. *See* 26 U.S.C. § 6325; *Information Resources, Inc.*, 996 F.2d at 782. Accordingly, the McIvers are not entitled to relief on their § 7432 claim for failure to release a tax lien.

**B.    Section 7433 Claim**

Much of the assertions made by the McIvers in their Complaint with regard to the § 7433 claim for unauthorized collection activity focus on the IRS's alleged failure to release the September 17, 2003 tax lien. However, it is clearly established that a § 7433 claim does not apply to failure to release a lien. *Gandy Nursery, Inc.,* 318 F.3d at 638. Furthermore, the Court has already established

---

[1] The Court notes that although the Government states it has "been notified through discovery" that Mr. McIver claims that the signature on the first extension dated December 1, 2000 is not his, the McIvers have never made this claim before the Court. Such an allegation is missing from the pleadings and, because the McIvers made no response to the Motion, is not brought before the Court in evidentiary form. Therefore, any argument that the consent to extend time to assess tax is not valid is not considered by the Court. In addition, on May 25, 2001 the McIvers signed a Form 872 Waiver agreeing to the immediate assessment and collection of the 1997 tax year deficiency.

that the McIvers were not entitled to a release of the lien. Therefore, any claims for unauthorized collection based on the failure to release the tax lien fail as a matter of law.

On the other hand, § 7433 claim could apply to the *actual filing* of the lien. *Id.* Because a taxpayer may only enforce liability under § 7433 within 2 years afer the date the right of action accrues, any claim that the September 17, 2003 tax lien was an unauthorized collection activity at the time it was filed fails as a matter of law. *See* 26 U.S.C. § 7433(d)(3); *Gandy Nursery, Inc.*, 318 F.3d at 637–38. Here, the administrative claim under § 7433 was not brought until July 3, 2007 and this action was not commenced until April 8, 2008, both of which were well past the two-year limitations period. *See* 26 U.S.C. § 7433(d)(3); *Gandy Nursery, Inc.*, 318 F.3d at 637. Therefore, the Court has no jurisdiction over the § 7433 claims which are based on the September 13, 2007 tax lien. *See Gandy Nursery, Inc.*, 318 F.3d at 637.

The McIvers alleged that the IRS violated § 7433 by failing to abate the prior assessment, penalties, and interest on the 1999 tax year for which the Tax Court had ordered relief. However, the Government's evidence, including the transcript of the 1999 tax year, indicates an abatement of assessment, penalties, and interest in accordance with the Tax Court's decision. The Court accepts the Government's evidence that certain amounts under the 1999 tax year have been properly abated as undisputed. *See Eversley*, 843 F.2d 174.

The McIvers also alleged that a 1999 tax year payment was moved to the "illegally assessed 1997 tax year," and a overpayment for the December 21, 2004 tax year was applied to the 1997 tax year and that these acts constituted unauthorized collection activity. The Government's evidence is clear that overpayment resulting from the abatement of certain amounts on the 1999 tax year was applied to the existing balance due on the 1997 tax year. Likewise, there is no dispute that the

December 31, 2004 payment was applied to the 1997 tax year. Yet, the evidence is also clear that there still existed, even at the time the Motion for Summary Judgment was filed, a balance due on the 1997 tax year. The IRS has the discretion to credit any overpayment of individual income tax against any outstanding liability for any tax owed by the taxpayer making the overpayment. *See* Treas. Reg. 301.6402-3(a)(6). Therefore, the IRS is within its power in applying the 1999 and 2004 tax year overpayments to the outstanding balance on 1997 tax year. To the extent the McIvers claim the application of the payments to the 1997 tax year violates § 7433 because 1997 was "illegally assessed," their claim fails because § 7433 cannot be applied to challenge an assessment as improper. *See Gandy Nursery, Inc.*, 318 F.3d at 636; *Wise*, 168 F. Supp. 2d at 653.

Additionally, the McIvers alleged a § 7433 violation by way of a January 16, 2008 letter wherein "the IRS has threatened to collect by levy on assessments that were either determined by the United States Tax Court not to be owed or erroneously assessed." However, this allegation was not included in the administrative claims for relief under § 7433 filed by the McIvers on July 3, 2007. Therefore, because the McIvers failed to exhaust their administrative remedies on this particular claim, the Court is divested of subject matter jurisdiction over this allegation. *See* 26 U.S.C. 7433(d)(1); *Gandy Nursery, Inc.*, 2005 WL 1324706, at *8. Therefore, the §7433 claim for any unauthorized collection activity relating to the January 16, 2008 letter must be dismissed without prejudice for lack of subject matter jurisdiction.

### III.

### CONCLUSION

The McIvers have failed to create a genuine issue of material fact regarding any of their causes of action and the Court finds that the McIvers are unable to prevail on their claims as a

matter of law. Furthermore, because the McIvers are not the prevailing party, their claim for attorneys' fees under § 7430 fails as a matter of law. *See* 26 U.S.C. § 7430(a); *Don Johnson Motors, Inc.*, 2008 WL 2200263, at *2. Accordingly, the Court **GRANTS** the Government's Motion for Summary Judgment and **DISMISSES** all of the McIvers's claims in this action. However, as explained above, the §7433 claim for any unauthorized collection activity relating to the January 16, 2008 IRS letter is **dismissed without prejudice** for lack of subject matter jurisdiction.

SO ORDERED.

Dated: July 6, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE